SAMUEL, Judge.
This is an appeal from a ruling of the Civil Service Commission of the City of New Orleans which sustained the suspension, and later the loss of 60 furlough days, of Ronald James Nunez, a patrolman on the New Orleans Department of Police, for his refusal to work overtime on a Labor Day.
The Commission found the following facts which are amply supported by the evidence in the record: As a result of drownings on the previous holiday, July 4, 1971, the Department felt it necessary to have sufficient men on duty to meet similar emergencies which might occur on Labor Day, September 6, 1971. The first and second platoons of the Fifth District were ordered to work on that day. In compliance with that order, on September 2, 1971 Patrolman Nunez was advised by a superi- or officer, Sergeant Moore, that he probably would have to work on Labor Day, four days later. Nunez told the sergeant he had not worked overtime on holidays since 1970 because prior to that time he had earned substantial sums from such work and that had resulted in action in the district court by his former wife for an increase in alimony payments. He said working on Labor Day would result in similar proceedings.
Sergeant Moore discussed the matter with his captain. They felt the reason given for refusal to work was not valid pri *97 marily because the amount of money earned would be insufficient to cause the result Nunez feared. On the same day, September 2, Moore ordered Nunez to work overtime on Labor Day, September 6. Nunez refused to work, his statement was taken, and thereafter, also on September 2, he was suspended.
On September 10, 1971 a disciplinary hearing was held before Deputy Superintendent of Police Louis J. Sirgo. The purpose of the hearing was to give Nunez an opportunity to offer any mitigating or extenuating circumstances involved in his refusal to obey the order. Following that hearing, Deputy Superintendent Sirgo ordered that Nunez forfeit 60 furlough days in lieu of the suspension. The penalty was based upon this incident and Nunez’s prior record which included 14 formal accusations of misconduct, 9 of which were sustained and resulted in disciplinary action, and an unsatisfactory sick leave record.
As we understand appellant’s brief and argument, in this court he makes three basic contentions: (1) the disciplinary action taken was premature in that it should not have been taken until after Nunez failed to show up for duty on September 6, 1971; (2) his presence was not actually required on that day; and (3) the penalty imposed was too severe.
The first contention is based on the argument that Nunez could not be disciplined before being given an opportunity to obey or disobey the order and, as he was suspended September 2 for refusing to obey an order to work on September 6, he was unable to obey the order because he was under suspension on September 6. We find no merit in the contention or argument.
The Department of Police cannot effectively and efficiently perform its function of protecting the public if it does nbt know in advance the number of men who will be available to work on a particular day. Obviously, following his refusal it was necessary for the Department to find a replacement for Nunez before Labor Day. In addition, here the imposition of suspension prior to the date on which he was required to work gave Nunez an opportunity to retract his refusal so that the Department, if it saw fit, could cancel the suspension and allow him to work on that day. Appellant cites us to no law or departmental regulation which would prevent imposition of suspension on September 2 and we know of none.
Nor do we agree with the second contention, that Nunez’s presence was not actually required on Labor Day. It is true that ultimately two of the twenty to twenty-two men in appellant’s platoon were not required to work on that day. The record establishes a reason for that action. As a result of a hospital detail being cancelled and other causes, all available cars were filled without the need for the services of two of the patrolmen. Neither the appellant nor any other patrolman had the right to require that the Department relieve him from a particular duty in preference to other members of his platoon.
The third contention, that the penalty imposed is too severe, also is without merit. As we understand the departmental rules, and appellant does not argue the contrary, imposition of suspension or loss of annual leave days as a penalty for refusal to obey an order of a superior officer is within the Department’s authority. Within reasonable limitations, we consider neither too severe and the penalty imposed in this case comes well within any such limitations. The loss of annual leave days appears to be less severe than suspension because the former does not include deprivation of salary or benefits other than the leave days themselves.
For the reasons. assigned, the decision appealéd from is affirmed.
Affirmed.